**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

_____

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

vs. : Civil Action No.: 3:03-CV-1763-L

**UNISTAR FINANCIAL SERVICE CORP.,**
    a Delaware corporation,
**MARC A. SPARKS,**
**F. JEFFREY NELSON,**
**PHILLIP H. CLAYTON,**
**DINO A. ROMANO,**
**CYNTHIA JACKSON,**
**INTERMARK INVESTMENTS, INC.,**
    a Texas corporation,
**TURNER HOLDINGS, INC.,**
    a Texas corporation, and
**NICOLE CLAYTON CAVER,**

    Defendants.
_____

**ORDER RESETTING HEARING ON ORDER TO SHOW CAUSE**

Before this court is Plaintiff Securities and Exchange Commission's ("Commission") Unopposed Motion to Reset Hearing on Order to Show Cause, filed December 2, 2008. After carefully considering the application, record, and applicable law, the court **grants** the Unopposed Motion.

Accordingly, the hearing set for December 5, 2008 at 10:00 a.m. is **canceled**, and it is **ordered** that Defendant Dino A. Romano ("Romano"), in person and through counsel, shall appear before the undersigned at **10:00 a.m.** on **February 4, 2009**, at Courtroom No. 1310, 1100 Commerce Street, Dallas, TX 75242-1003, to show cause why Romano should not be adjudicated in contempt of this Court's October 3, 2006, Final Judgment by Default Against Dino A. Romano that requires Romano to make disgorgement in the amount of $31,050,029 and

to pay prejudgment interest in the amount of $17,585,816 and should not be required to take such steps as may be appropriate and/or necessary to remedy that contempt, if any, including, but not limited to, (a) directing Romano to transfer to the registry of the court (i) all currency, (ii) all funds on deposit with one or more banks, trust companies, savings and loan associations and/or other financial institutions, (iii) all stocks, bonds, certificates of deposit or other securities and (iv) all causes of action legally and/or beneficially owned by Romano and (v) the contents of all safety deposit boxes controlled by him and (b) requiring Romano to disclose the existence and location of any and all property, real, personal or otherwise, in which he may have a legal, beneficial or other interest, whether separate, community or otherwise.

It is further **ordered** that Romano, in person and through counsel, shall show cause why he should not be remanded immediately to the custody of the United States Marshal for the Northern District of Texas until either he has made complete disgorgement or posted a cash bond in the sum of $48,635,845.

It is further **ordered** that, if Romano wishes to contest the relief sought by the Commission, he shall file a memorandum of points and authorities setting forth all factual matters and legal authorities, including citations to appropriate statutes and case, on which he intends to rely in opposing the Commission's relief no later than **January 28, 2009** at **5:00 p.m.**

It is further **ordered** that the Commission shall personally serve Romano with this order and file proof of service with the court no later than **January 21, 2009** at **5:00 p.m.** The court **will not** hold a hearing unless the Commission has filed proof of personal service on Romano by this date.

**Order – Page 2**

It is further **ordered** that United States Marshal in any district in which Romano resides or may be found is authorized and directed to make service on him at the request of the Commission.

**It is so ordered** this 3rd day of December, 2008.

_____
Sam A. Lindsay
United States District Judge